UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDDIE CASTLEBERRY and WANDA }
CASTLEBERRY, }
 }
    Plaintiffs, }
 }
 } CASE NO. CV 97-B-0739-S
v. }
 }
DAVISON EQUIPMENT, INC., and }
UNITED HEALTHCARE, }
 }
    Defendants. }

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss, or in the Alternative, for Summary Judgment filed by United Healthcare of Alabama, Inc. on March 28, 1997, and the Motion to Dismiss filed by Davison Enterprises, Inc. on April 9, 1997. Defendants move to dismiss plaintiffs' complaint on the grounds that plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and plaintiffs have failed to exhaust mandatory administrative remedies required by ERISA. Upon consideration of the motions, the memoranda submitted by the parties and the argument of counsel, the court is of the opinion that the motions to dismiss are due to be granted.

### FACTUAL BACKGROUND

One of the plaintiffs, Eddie Castleberry, was a participant in a group health benefits plan sponsored by his employer, Davison Equipment, Inc. The defendant, Davison Equipment, Inc., provided medical, surgical and other health benefits to its employees and their dependants through an insured group health benefits contract between Davison

Equipment, Inc. and United Healthcare. United interprets the terms of the plan and determines whether claims are payable. The plan is an employee welfare benefit plan governed by ERISA. The plan contains an administrative review mechanism that allows the participant to contest the denial of benefits.

Plaintiffs filed suit on February 20, 1997 alleging that United Healthcare had improperly denied claims for health care benefits and asserting causes of action against United Healthcare and/or Davison Equipment, Inc. for breach of contract, bad faith, fraud, conversion, and breach of fiduciary duty. United Healthcare, with the consent of defendant Davison Equipment, Inc., timely removed the action to this court on the basis of ERISA preemption.

As noted, the plan provides plaintiffs with administrative remedies by which to challenge benefits determinations, the exhaustion of which is a prerequisite to filing suit in court. The plaintiffs have not pursued this remedy. At oral argument, counsel for defendants stated that they would not contest plaintiffs' right to pursue an administrative remedy once the complaint is dismissed. Therefore, because plaintiffs have failed to exhaust their administrative remedies, this action is due to be dismissed without prejudice. *See J. W. Counts v. American Gen'l Life & Accident Ins. Co.*, 111 F.3rd 105 (11th Cir. 1997).

DONE this 4th day of June, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

2